

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXMILLMXMILLSONXXXX
ATTORNEY GENERAL

Honorable Denver E. Perkins
County Attorney
Gonzales County
Gonzales, Texas

Opinion Number O-2088
Re: Construction of the validity
    of conditional election order.

Dear Sir:

      Your request for an opinion on the following question has been received by this office. We quote from your letter as follows:

    "On August 19, 1938, the Board of Trustees of the Gonzales Independent School District passed an order calling an election for the purpose of submitting the question as to whether or not bonds of such school district should be issued for the purpose of erecting certain school buildings. At the same meeting at which the election was called the Board of Trustees passed another order reciting that such election had been called; that an application had been made to the Public Works Administration for funds to supplement the funds derived from the sale of such bonds, and that in the event the said grant was not received from the Public Works Administration the Board covenanted and agreed with the voters that said bonds would not be issued. Notice of the election was given, but nothing was said in the notice in regard to the resolution not to issue the bonds in the event the PWA grant was not secured. However, in paid newspaper advertisements, paid for and signed by the said Board of Trustees, the statement was made that such bonds would not be issued if voted unless the PWA grant was secured. The election was held and it resulted in a majority vote for the issuance of the bonds.

    "The application for the grant from the PWA was denied for some reason. The Board of Trustees would still like to erect certain buildings for the high school. They propose to hold a referendum on the question as to whether or not the bonds shall be issued, even though no PWA grant was secured. They propose to hold this referendum at the time the regular school trustees are elected in April. If the referendum shows a majority in favor of the issuance of these bonds, even though no PWA grant was secured, then the Board of Trustees intend to proceed with the sale of these bonds. Assuming that the majority of the people voting at such trustee election and referendum are in favor of issuing the bonds, the question is whether or not the Board can legally issue them even though no PWA grant was received."

The order passed by the Board of Trustees on August 19, 1938, which was prior to the election authorizing the issuance of bonds, reads in part as follows:

"WHEREAS, application has been made to the Public Works Administration for a grant to supplement the funds derived from the sale of the above mentioned bonds;

"NOW, THEREFORE, BE IT RESOLVED BY THE BOARD OF TRUSTEES OF GONZALES INDEPENDENT SCHOOL DISTRICT:

"That in the event the above mentioned application to the Public Works Administration for a grant is not approved, said bonds as authorized at the election, shall not be issued, and this Board hereby covenants and agrees with the voters that said bonds will not be issued unless the District receives a grant from the Public Works Administration."

The authorities seem to hold that the approval by the electors of the proposed bond issue with whatever terms and conditions that the governing body imposes thereon previous to the election, creates a status analogous to a contractual relation. In construing a similar order passed by a commissioners' court prior to a county-wide bond election, the Supreme Court of Texas in the case of Black et al vs. Strength et al., 246 S.W. 79, said:

"The order would not have been made save with a view to its being relied on by the voters. With the bond issue authorized by votes cast in reliance on the order, as must be assumed, it could not be arbitrarily ignored or repudiated without involving the perpetration of fraud or its equivalent on the voters.

"Under these circumstances, the order was, in effect, a contract with the people, and good faith required that the contract be kept."

Any other rule would tend to undermine public confidence in the acts of public officers. See also Golden Gate Bridge and Highway District vs. Filmer, 21 Pac. (2d) 112; Perry vs. Los Angeles, 203 Pac. 992.

Whatever might be the moral effect of releasing the Board of Trustees from their promise not to issue the bonds unless the Public Works Administration grant was received, the proposed referendum election would amount to no more than a "straw vote" and would be ineffective for any purpose since the qualifications of the electors who vote on bond elections and those who vote at general trustee elections are not the same. City of Houston vs. McCraw, 113 S.W. (2d) 1215. (Texas Supreme Court, 1938).

Therefore, it is the opinion of this department that the Board of Trustees cannot legally issue the bonds in question unless the district receives a grant from the Public Works Administration.

Trusting that this answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Claud O. Boothman
Claud O. Boothman
Assistant

COB-s-lm

APPROVED MAY 1, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

BY /s/ BWB
CHAIRMAN